```
        IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

          MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


ROBERT PHIFER, JR.,            )
                               )
     Plaintiff,                )
                               )    CIVIL ACTION NO.
     v.                        )      2:19cv166-MHT
                               )          (WO)
HYUNDAI POWER TRANSFORMERS     )
USA, et al.,                   )
                               )
     Defendants.               )
```

## OPINION AND ORDER

Plaintiff Robert Phifer, Jr. brought this lawsuit naming as defendants his former employer, Hyundai Power Transformers (HPT), as well as several HPT employees, including Ted Arkuszeski, Clayton Payne, and Tony Wojchiehowski. Phifer asserts violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 1981a and 2000e through 2000e-17; § 1981, originally part of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981; and the Family and Medical Leave Act of

1993 (FMLA), 29 U.S.C. §§ 2601-54.* This court has jurisdiction under 42 U.S.C. § 2000e-5(f)(3) (Title VII); 29 U.S.C. § 2617(a)(2) (FMLA); 28 U.S.C. §§ 1343(a)(3) (civil rights); and 28 U.S.C. § 1331 (federal question). The amended complaint specifically sets forth four counts: (1) a count under § 1981 for "race discrimination, race harassment, and retaliation"; (2) a count under Title VII for "race discrimination, harassment, and retaliation"; (3) a count under the FMLA for interference; and (4) a count under the FMLA for retaliation.

The case is currently before the court on two motions to dismiss or, in the alternative, motions for a more definite statement. The first is a motion to dismiss by the three HPT employees. The second is a motion to dismiss by HPT. Although both motions were filed in May 2019, more than one year ago, Phifer has

---

* The lawsuit was also brought against HPT employee Luther Scull. Defendant Scull has filed his own motion to dismiss to which the plaintiff has responded. The court will address this motion in a later order.

not responded.  In the absence of any argument, the court has assumed that Phifer is not opposed to the motions.  *See* Defs.' Reply (doc. no. 26) (making this argument).  Although it is not completely clear to the court how many distinct legal claims or theories are contained within count 1 and count 2, and because Phifer has filed absolutely nothing to indicate or clarify what, if any, legal claims or theories he still wants to pursue in this litigation (that is, he has sat on his hands), the court will further assume, for the same reason, that all parts of any count challenged by defendants are due to be dismissed.  However, the court will allow Phifer an opportunity to correct this assumption.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) The motion to dismiss by defendants Ted Arkuszeski, Clayton Payne, and Tony Wojchiehowski (doc. no. 22) will be granted.  As a result, counts 1, 3, and 4 will be dismissed as to these

defendants.  There will be no claims that remain pending as to these defendants, and these three defendants will be terminated as parties in this litigation.

(2) The motion for a more definite statement by defendants Arkuszeski, Payne, and Wojchiehowski (doc. no. 22) will be denied.

(3) The motion to dismiss by defendant Hyundai Power Transformers (doc. no. 23) will be granted.  As a result, counts 1 and 2 will be dismissed as to this defendant.  Counts 3 and 4 will proceed as to this defendant.

(4) The motion for a more definite statement by defendant Hyundai Power Transformers (doc. no. 23)) will be denied.

(5) To the extent that plaintiff Robert Phifer, Jr., believes that granting the motions to dismiss by either defendants Arkuszeski, Payne, and Wojchiehowski (doc. no. 22) or by defendant Hyundai Power Transformers (doc. no. 23) as set

4

forth above would be in error, plaintiff Phifer should file, within five business days, a full explanation as to why the court is incorrect, including why plaintiff Phifer failed to respond to the motions in a timely manner and, if the lack of response was due to a failure, why the court should entertain a late response and what sanctions would be appropriate in light of the failure.  If the court does not hear from plaintiff Phifer within this time, it will make all of the above dismissals and terminations final.

DONE, this the 11th day of June, 2020.

                                          /s/ Myron H. Thompson
                                    **UNITED STATES DISTRICT JUDGE**