# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **ROBERT PHIFER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2-19-cv-166-MHT-SMD |
| | ) |
| **HYUNDAI POWER** | ) |
| **TRANSFORMERS, USA, INC.,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

### PLAINTIFF'S RESPONSE TO THE COURT'S
### ORDER ON DEFENDANTS' MOTION TO DISMISS (Doc. 35)

COMES NOW Plaintiff Robert Phifer ("Plaintiff") and responds to the Court's forthcoming dismissal of all claims against Defendants Ted Arkuszeski, Clayton Payne, and Tony Wojchiehowski and of those claims alleged against Defendant Hyundai Power Transformers, USA, Inc. ("HPT") in Counts I and II of Plaintiff's First Amendment Complaint. (*See* doc. 18). In response to this Honorable Court's Order, Plaintiff states as follows:

1. On May 20, 2019, Defendants Clayton Payne, Ted Arkuszeski, and Tony Wojciechowski filed a joint motion to dismiss all claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 22). HPT filed a partial motion to dismiss in which it sought dismissal of Plaintiff's race-based

1

harassment claims (both § 1981 and Title VII) and Plaintiff's discriminatory failure-to-promote claim (Title VII only). (*See* doc. 23, p. 17).

2.      This Honorable Court Ordered that Plaintiff respond to these motions by June 11, 2019.  (Doc. 24).  All Defendants, except for Scull, filed a "Reply" on June 18, 2019 in which they notified the Court that Plaintiff did not respond to their motions and urged dismissal.  (Doc. 26).  Plaintiff's response to that Reply was due on July 9, 2019.  (Doc. 27).

3.      Plaintiff failed to respond to these motions due to a mistake that arose during extraordinary circumstances. The undersigned oversees a small firm with limited attorneys, staff, and resources. In the summer months of 2019, especially June and July, the firm was weathering a perfect storm. A legal assistant had a family emergency and was out of the office for an extended period of time.  The firm's paralegal had her own medical emergency, which required surgery, hospitalization, and extended leave. The undersigned's friend and co-counsel for numerous cases collapsed in the middle of a deposition and was ordered to bed rest.  This resulted in an already depleted small law firm having to manage not just its own legal work but also that of another small firm. Moreover, the undersigned had at least sixteen (16) depositions scheduled in July 2019, and had seven (7) separate appeals before the Eleventh Circuit with deadlines in June and July of 2019. The undersigned was also routinely on the road and away from the office working or presenting during the

summer months of 2019. The firm ultimately responded by hiring a new full-time attorney in late July and a paralegal the following month. With all this going on, Defendants' motions (docs. 22, 23, & 26) never made it across the undersigned's desk or onto her calendar.[1]

4.   Plaintiff did not, and would not, intentionally refuse to respond to a party's motion to dismiss or to any Order from this Honorable Court. This is evident by Plaintiff's response to Defendant Scull's motion. (*See* doc. 28). Scull filed his motion to dismiss on June 3, 2019, two weeks after the other Defendants. (*Compare* doc. 25 *with* docs. 22 & 23). Scull's Motion traveled correctly through the firm's case management system, and that is why Plaintiff responded to Scull's motion and not the others.

5.   Consistent with the Court's June 11, 2020 Opinion and Order, Plaintiff has reviewed Defendants' Motions to Dismiss. (Doc. 35; *see also* docs. 22 & 23). Plaintiff would have opposed these motions, and he welcomes an opportunity to explain his reasons for opposition. Nonetheless, Plaintiff does not contend it would be error for the Court to grant the relief Defendants seek at this juncture. Plaintiff

---

[1] Revealing the inner workings of the undersigned's litigation management procedures in a public filing could result in harm to the firm, its clients, or both. Accordingly, if the Court requires further details regarding how this error occurred, Plaintiff respectfully requests that the Court allow counsel to orally communicate that information.

3

will, therefore, not tax the Court with additional arguments, particularly in light of the recommended sanctions that follow.

6. Pursuant to this Court's directive, Plaintiff recommends that the Court dismiss those claims for which Defendants sought dismissal <u>without prejudice</u> as sanctions for this failure respond. Accordingly, Plaintiff asks that the Court dismiss all claims against Defendants Ted Arkuszeski, Clayton Payne, and Tony Wojchiehowski without prejudice. HPT moved for dismissal only on Plaintiff's race-based harassment claims (both § 1981 and Title VII) and Plaintiff's discriminatory failure-to-promote claim (Title VII only). (*See* doc. 23, p. 17). The Court should dismiss these claims against HPT without prejudice as an appropriate sanction.

7. As an additional sanction, Plaintiff recommends that the Court Order the undersigned to arrange for a consultant to meet with members of her law firm on a non-work day. The purpose of the meeting will be to review, analyze, and improve the firm's case management procedures to prevent mistakes of this nature from occurring in the future. Plaintiff further suggests that the Court Order that the undersigned conduct this review within thirty (30) days and submit for the Court's approval a report detailing what occurred during the meeting no later than fourteen (14) days after it is completed.

8. Plaintiff respectfully requests that the Court not dismiss those claims in Count I and Count II against HPT for which HPT did not seek dismissal. Even if Plaintiff had filed a timely response to HPT's partial motion to dismiss, he would not have addressed arguments HPT did not make. Wholesale dismissal of Counts I and II against HPT would, therefore, be an unfair windfall for this Defendant.

9. Plaintiff has pled race-based, disparate treatment discrimination claims against HPT in violation of 42 U.S.C. § 1981 (Count I) and Title VII (Count II). Because HPT did not move to dismiss Plaintiff's § 1981 failure-to-promote claim, the Court should not dismiss that claim; only the Title VII failure-to-promote claim should be dismissed without prejudice. Further, because HPT did not seek dismissal of Plaintiff's discriminatory suspension or termination claims (*see* doc. 18, ¶¶ 70-72, 86-87) on either count, Plaintiff should be allowed to proceed with these disparate treatment claims under both 42 U.S.C. § 1981 (Count I) and Title VII (Count II).

10. Plaintiff has also pled race-based retaliation claims in violation of 42 U.S.C. § 1981 (Count I) and Title VII (Count II). Recognizing Plaintiff has alleged he was suspended without pay and then fired shortly after he complained of race discrimination, HPT did not ask the Court to dismiss Plaintiff's retaliation claims under § 1981 or Title VII. These are strong claims and clearly pled. (*See* doc. 18, ¶¶

70-72, 84-88).  Accordingly, the Court should not dismiss Plaintiff's retaliation claims against HPT.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Court dismiss all claims against Defendants Ted Arkuszeski, Clayton Payne, and Tony Wojchiehowski without prejudice, and that it dismiss Plaintiff's harassment claims (Count I and II) and his Title VII failure-to-promote claim (Count II) against HPT without prejudice.  For Count I, Plaintiff's § 1981 claims against HPT for race-based failure-to-promote, suspension, termination, and retaliation should remain in the case. For Count II, Plaintiff's Title VII claims against HPT for race-based suspension, termination, and retaliation should proceed to discovery.  As additional appropriate sanctions for failure to respond, Plaintiff suggests that the Court Order the undersigned to review its relevant procedures and submit a report to the Court consistent with the details described above.  (*See* ¶ 7, *supra*).

> Respectfully submitted,
>
> */s/ Alicia K. Haynes*
> Alicia K. Haynes
> Attorney for Plaintiff

OF COUNSEL:
HAYNES & HAYNES, P.C.
1600 Woodmere Drive
Birmingham, Alabama 35226
(205) 879-0377 Telephone
(205) 879-3572 Facsimile
Email: akhaynes@haynes-haynes.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon each of the below listed counsel of record, by placing the same in the U.S. Mail, postage prepaid and properly addressed, this 18th day of June, 2020:

John J. Coleman, III, Esq.
Ingu Hwayn, Esq.
Meghan N. Cox, Esq.
Burr & Forman LLP
420 North 20th Street Ste #3400
Birmingham, Alabama 35203

>*/s/ Alicia K. Haynes*
>OF COUNSEL