IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| ROBERT PHIFER, JR.,          )<br>                              )<br>     Plaintiff,             )<br>                              )<br>     v.                       )<br>                              )<br>HYUNDAI POWER TRANSFORMERS  )<br>USA, et al.,                 )<br>                              )<br>     Defendants.            ) | CIVIL ACTION NO.<br>2:19cv166-MHT<br>(WO) |

OPINION AND ORDER

Plaintiff Robert Phifer, Jr. brought this lawsuit against defendant Luther Scull, an employee of Hyundai Power Transformers (HPT), asserting violations of the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. §§ 2601-54.[*]  *See* Amended Complaint (doc. no. 18).  The case is currently before the court on Scull's motion to

---

[*] The court previously addressed the allegations in the lawsuit against defendant HPT as well as three other HPT employees, defendants Ted Arkuszeski, Clayton Payne, and Tony Wojchiehowski.  *See Phifer v. Hyundai Power Transformers USA*, No. 2:19-cv-166, 2020 WL 3106519, at *1 (M.D. Ala. June 11, 2020) (Thompson, J.).

dismiss the complaint for two reasons: (1) insufficient service of process; and (2) failure to state a claim, under the theory that Scull does not meet the FMLA's definition of "employer." *See* Mot. to Dismiss (doc. no. 25). Although the court agrees that Scull was not properly served, it will exercise its discretion to permit Phifer additional time to perfect service. As a result, the court will not address the scope of the FMLA at this time.

Federal Rule of Civil Procedure 4 sets forth methods by which a person may be served. *See* Fed. R. Civ. P. 4. In general, the rule authorizes service by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." *Id*. at 4(e)(2). Although the rule also authorizes service by any method

permitted under state law, the Alabama Rules of Civil Procedure do not provide for any additional methods of service. *See* Ala. R. Civ. P. 4(c)(1).

Both sides agree that Phifer attempted to serve Scull by certified mail at HPT's address. *See* Pl.'s Br. In Opp. (doc. no. 28) at 1 ("Defendant is correct that the Complaint was served at the Hyundai Power Transformer USA address."). The return of service shows that it was signed for by an individual other than Scull. *See* Return of Service (doc. no. 21). As a result, such service would be proper only if Scull authorized the third-party individual to receive service on his behalf.

Phifer argues that service was proper because of disclosures made by Scull's employer HPT and Scull's attorneys in another case pending before this court: *Gipson v. Hyundai Power Transformers, USA, Inc., et al.*, Case No. 2:17-cv-00498-MHT-SMD, later consolidated with Case No. 2:19-cv-00224-MHT-SMD. But Scull was not a defendant in *Gipson* and thus could not have

3


authorized any third-party service.

Phifer also argues that, regardless, Scull's participation in the suit amounts to waiver. But this argument is no more availing. While "[o[bjections to service of process[,] ... like any other objection to jurisdiction over the person, can be waived by the party over whom jurisdiction is sought" if the party "makes a pre-answer motion under Rule 12 and fails to include such objections in that motion," that is not the case here. *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990) (internal citations omitted). Here, Scull has explicitly objected to the method service in his Rule 12 motion. The fact that he has also moved to dismiss the complaint for failure to state a claim does not change the analysis. *See, e.g.*, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("A defendant's actual notice is not sufficient to cure defectively executed service."); *Melton v. Wiley*, 262 F. App'x 921, 922 (2008) (service of process to a captain of a defendant sheriff was improper, even

when it was undisputed that the sheriff "received the complaint from his captain, filed timely his answer[,] and participated actively in the litigation").

Despite the improper service, the court is cognizant of the fact that Scull made this motion to dismiss less than one month after Phifer added him as a party in an amended complaint. Had the court acted on this motion at the time it was filed, it would have denied the motion without prejudice as premature. However, Phifer did not raise this argument and the time limit for service has long since expired.

Federal Rule of Civil Procedure 4 makes clear that, "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). While the federal rule states that, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate

5

period," Fed. R. Civ. P. 4(m), Phifer has maintained that the service of Scull was proper, not that good cause was shown to merit an extension. Nonetheless, an extension of time may be permitted without a showing of good cause. *See Horenkamp v. Van Winkle And Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005) ("[T]oday we join our sister circuits and hold that Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause."). Although Phifer could have perfected service while this motion was pending, the court will exercise its discretion to permit a limited extension of time for service because Scull's motion should have initially been denied as premature.

<p style="text-align:center">***</p>

    Accordingly, it is ORDERED as follows:

(1) The motion to dismiss by defendant Luther Scull (doc. no. 25) is denied without prejudice with leave to renew after 35 days.

(2) Plaintiff Robert Phifer, Jr., has 28 days from the issuance of this order to serve defendant Scull properly.

DONE, this the 23rd day of June, 2020.

                                      /s/ Myron H. Thompson
                                   **UNITED STATES DISTRICT JUDGE**