```
        IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

           MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


ROBERT PHIFER, JR.,            )
                               )
     Plaintiff,                )
                               )       CIVIL ACTION NO.
     v.                        )         2:19cv166-MHT
                               )             (WO)
HYUNDAI POWER TRANSFORMERS     )
USA, et al.,                   )
                               )
     Defendants.               )
```

## OPINION AND ORDER

Plaintiff Robert Phifer, Jr. brought this lawsuit against multiple defendants, including his former employer Hyundai Power Transformers (HPT). The amended complaint specifically set fourth four counts against HPT: (1) a count under 42 U.S.C. § 1981 for "race discrimination, race harassment, and retaliation"; (2) a count under Title VII for "race discrimination, harassment, and retaliation"; (3) a count under the Family and Medical Leave Act (FMLA) for interference; and (4) a count under the FMLA for retaliation. Based on representations made on the record during a status

conference on June 29, 2020, the parties agreed that in sum the complaint now sets forth only 10 legal claims against HPT as follows:

(1) race discrimination in failure to promote under § 1981;
(2) race discrimination in termination under § 1981;
(3) race-based harassment under § 1981;
(4) retaliation under § 1981;
(5) race discrimination in failure to promote under Title VII;
(6) race discrimination in termination under Title VII;
(7) race-based harassment under Title VII;
(8) retaliation under Title VII;
(9) interference under FMLA; and
(10) retaliation under FMLA.

The case is currently before the court on HPT's partial motion to dismiss, or, in the alternative, motion for a more definite statement. *See* HPT Mot. to Dismiss (doc. no. 23).  Phifer failed to respond to the motion.  The court previously explained that it would grant the partial motion to dismiss in the absence of any reason why Phifer failed to respond to the motion, but gave Phifer an opportunity to explain the reason for the failure.  *See* Opinion and Order (doc. no. 35).  The court has now received Phifer's

counsel's explanation, including her recommended sanctions. *See* Pl.'s Response (doc. no. 36). In light of the parties' agreement to dismiss the claims against the defendants Ted Arkuszeski, Clayton Payne, and Tony Wojciechowski, *see* Judgment (doc. no. 40), and Phifer's counsel's recommendation that she hire a case-management consultant, the court does not believe it will be necessary to dismiss any claims against HPT at the current time as an additional sanction for the failure to respond.

    Accordingly, it is ORDERED as follows:

    (1) The defendant HPT's partial motion to dismiss (doc. no. 23) is denied without prejudice and with leave to renew after 10 business days from the issuance of this order. The court believes it will be in better position to determine the merits of a claim after that claim has been re-alleged in more detail.

    (2) The motion for a more definite statement (doc. no. 23) is granted. Plaintiff Robert Phifer, Jr. must file, within 10 business days from the issuance of this

order, a full amended complaint which separates out each legal claim and includes the following:

    (a)    Plaintiff Phifer must separately allege in the complaint which facts support specifically claim (1), race discrimination in failure to promote under § 1981. If plaintiff Phifer does not include the claim in the amended complaint, the court will consider it abandoned.

    (b)    Plaintiff Phifer must separately allege in the complaint which facts support specifically support claim (2), race discrimination in termination under § 1981. If plaintiff Phifer does not include the claim in the amended complaint, the court will consider it abandoned.

    (c)    Plaintiff Phifer must separately allege in the complaint which facts support specifically support claim (3), race-based harassment under § 1981. If plaintiff Phifer

4

does not include the claim in the amended complaint, the court will consider it abandoned.

(d) Plaintiff Phifer must separately allege in the complaint which facts support specifically support claim (4), retaliation under § 1981. If plaintiff Phifer does not include the claim in the amended complaint, the court will consider it abandoned.

(e) Plaintiff Phifer must separately allege in the complaint which facts support specifically support claim (5), race discrimination in failure to promote under Title VII. If plaintiff Phifer does not include the claim in the amended complaint, the court will consider it abandoned.

(f) Plaintiff Phifer must separately allege in the complaint which facts support specifically support claim (6), race discrimination in termination under Title VII.

5

Case 2:19-cv-00166-MHT-SMD   Document 41   Filed 06/30/20   Page 6 of 7

      If plaintiff Phifer does not include the claim in the amended complaint, the court will consider it abandoned.

(g)    Plaintiff Phifer must separately allege in the complaint which facts support specifically support claim (7), race harassment under Title VII. If plaintiff Phifer does not include the claim in the amended complaint, the court will consider it abandoned.

(h)    Plaintiff Phifer must separately allege in the complaint which facts support specifically support claim (8), retaliation under Title VII. If plaintiff Phifer does not include the claim in the amended complaint, the court will consider it abandoned.

(i)    Plaintiff Phifer need only reallege, in the newly amended complaint, claim (9), interference under FMLA, and claim (10), retaliation under FMLA, and the facts they are based on, for there is no request for a more

definite statement as to them.

(3) The court agrees with the recommendation of counsel for plaintiff Phifer that, as sanction for failure to respond to this court's order, counsel for plaintiff Phifer shall "arrange for a consultant to meet with members of her law firm on a non-work day." Pl.'s Response (doc. no. 36) at 4. Plaintiff Phifer's counsel must do the following:

    (a) Confirm, within 15 business days of the issuance of this order, that she has arranged for the consultant.

    (b) "[S]ubmit for the Court's approval a report detailing what occurred during the meeting no later than [15 business] days after it is completed." Pl.'s Response (doc. no. 36) at 4.

DONE, this the 30th day of June, 2020.

                          /s/ Myron H. Thompson
                          **UNITED STATES DISTRICT JUDGE**